**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:22-CR-00156-JCB** |
| **v.** | § | |
| | § | |
| | § | |
| **NICOLE JONI CULPEPPER,** | § | |
| | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On September 17, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Nicole Culpepper. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, federal public defender.

Defendant originally pled guilty to the offense of Possession of a Controlled Substance with Intent to Distribute and Aiding and Abetting, a Class C felony. This offense carried statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and criminal history category of IV, was 70 to 87 months. On July 20, 2018, U.S. District Judge Sidney Fitzwater of the Northern District of Texas sentenced Defendant to 57 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, acquire GED, mental health treatment, and substance testing and treatment. On December 28, 2021, Defendant completed her period of imprisonment and began service of the supervision term. On November 28, 2022, jurisdiction was accepted by this District.

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated her conditions of supervised release on February 29, 2024, when she was sentenced to 5 years in the Texas Department of Criminal Justice for the offense of Fraud Use/Possession Identifying Info # Items 50 Or More.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as alleged by the government, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment to run consecutive to state sentence 241-2196-22 out of the 241st Judicial District Court in Smith County, Texas, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and she be sentenced to 12 months and 1 day imprisonment to run consecutive to state sentence 241-2196-22 out of the 241st Judicial District Court in Smith County, Texas, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve her sentence at FCI Bryan, Texas or FCI Carswell, Texas, if Bryan is unavailable. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 17th day of September, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE